# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOHNNY SCOTT WARREN,**

                Petitioner,

      v.                         CASE NO. 17-3096-JWL

**UNITED STATES OF AMERICA,**

                Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se. The Court grants provisional leave to proceed in forma pauperis.

### Background

Petitioner was convicted of federal drug and firearms charges in the U.S. District Court for the District of Colorado and sentenced to a term of 240 months. The conviction was affirmed on appeal. *United States v. Warren*, 566 F.3d 1211 (10th Cir. 2009). Petitioner then unsuccessfully sought relief under 28 U.S.C. § 2255. *United States v. Warren*, 393 Fed Appx. 567 (10th Cir. 2010)(dismissal of appeal from denial of relief).

In this action, petitioner asserts a claim of actual innocence on the narcotics charge and alleges his present incarceration is illegal. He specifically claims that a warrantless search conducted by Denver police at the request of his parole officer violated the Colorado state constitution.

### Analysis

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the

sentence." 28 U.S.C. § 2255(a). A motion under Section 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

This remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). However, under the "savings clause" in Section 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner has not shown a compelling reason that might justify the use of Section 2241 to test the legality of his confinement. In order to establish "actual innocence" in post-conviction proceedings, a prisoner must bring forward new exculpatory evidence. *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928 (2013). Petitioner does not identify any such evidence. Instead, he alleges the means used to collect evidence violated the Colorado Constitution, a claim which was available at the time of his direct appeal[1].

Having considered the petition and the nature of the claim presented, the Court will dismiss this matter. Petitioner may seek authorization in the U.S. Court of Appeals for the Tenth Circuit to pursue a second or successive application for relief under 28 U.S.C. § 2255 in the district of his conviction. *See* 28 U.S.C. 2255(h).

---

[1] Likewise, "[f]ederal habeas review is not available to correct state law evidentiary errors. [A petitioner] is entitled to relief only if an alleged state-law error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

**IT IS SO ORDERED.**

DATED:  This 6th day of June, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. District Judge